# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

HERBERT A. SMITH,
  Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
  Respondent.

Case No. 1:18-cv-514

Black, J.
Litkovitz, M.J.

**ORDER**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus in this Court. (Doc. 5). Prior to the Court's issuance of an Order for Answer or any response by respondent, petitioner filed a motion for summary judgment. (Doc. 3). Petitioner states that he filed the motion "in the hopes that the court[] will rule in a favorable manner on the writ of Habeas Corpus." (*Id.* at PageID 43). Petitioner advances the same claims in the motion as are presented in his habeas petition, which is currently pending before the Court.

Petitioner's motion is duplicative of his habeas corpus petition and an improper mechanism for seeking federal habeas relief. As one district court noted:

> Summary judgment is a procedural device available for prompt and expeditious disposition of controversy *without trial* when there is no dispute as to material fact. Petitioner has filed a petition for writ of habeas corpus. "[T]he writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." *Riddle v. Dyche,* 262 U.S. 333, 335–336 (1923); *See, e.g. Keeney v. Tamayo–Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting). Modern habeas corpus procedure has the same function as an ordinary appeal. *Anderson v. Butler,* 886 F.2d 111, 113 (5th Cir.1989); *O'Neal v. McAnnich,* 513 U.S. 440, 442, (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). In a habeas proceeding, petitioner does not proceed to "trial." Therefore, the motion for summary judgment is improper. For all practical purposes, summary judgment is equivalent to the Court's making a determination on the merits of a habeas petition. As the Court will rule on the petition for writ of habeas corpus in due course, a motion for summary judgment in a habeas proceeding serves no purpose.

*Miller v. Baker*, No. 3:11-cv-612, 2012 WL 3206444, at *1 (D. Nev. Aug. 3, 2012). *See also Tolen v. Dormire*, 4:10-cv-2031, 2011 WL 6152833, at *1 (E.D. Mo. Nov. 16, 2011) (Report and Recommendation) ("Although a party may technically file a motion for summary judgment in a habeas proceeding, *see* Rule 12 of Rules Governing § 2254 Cases, the undersigned finds that Petitioner's Motion for Summary Judgment is duplicative of the actual habeas corpus petition, which the undersigned has yet to completely review."), *adopted,* 2011 WL 6152351, at *1 (E.D. Mo. Dec. 12, 2011); *Scott v. FCI Fairton*, No. 09-4710, 2010 WL 2540456, at *3 (D.N.J. June 16, 2010) (denying a motion for summary judgment in a habeas corpus proceeding as superfluous); *Schweitzer v. United States*, No. 3:CV-05-2042, 2006 WL 1149245, at *1, n.4 (M.D. Pa. Apr. 27, 2006) (denying motion for summary judgment without prejudice on the basis that "it is not a proper procedural mechanism for addressing [the petitioner's] habeas corpus claims"). Accordingly, because the motion for summary judgment is duplicative of the habeas corpus petition currently pending before the Court, petitioner's motion (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

Date: 2/11/19

Karen L. Litkovitz
United States Magistrate Judge

2