UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HERBERT A. SMITH,<br>Petitioner,<br><br>vs.<br><br>WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:18-cv-514<br><br>Black, J.<br>Litkovitz, M.J.<br><br>**ORDER AND REPORT<br>AND RECOMMENDATION** |

Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] asserting that he is being held beyond the maximum expiration date of his sentence. (Doc. 5). This matter is before the Court on the petition (Doc. 5) and respondent's motion to dismiss (Doc. 7), to which petitioner has replied (Doc. 8). Also before the Court are petitioner's "Motion to Comply under Fed. Civil Rule 7(B)" (Doc. 10) and petitioner's "Motion for Judgment on the Pleadings" (Doc. 11).

For the reasons stated below, respondent's motion to dismiss (Doc. 7) should be **GRANTED** but, in part, for reasons other than provided by respondent. In light of this recommendation, petitioner's motions to comply (Doc. 10) and for judgment on the pleadings (Doc. 11) are **DENIED as moot.**

## I. PROCEDURAL HISTORY

The procedural history of this case was set forth by the Ohio Supreme Court in *State ex*

---

[1] Although petitioner filed his petition under § 2241, the proper vehicle for a state prisoner to collaterally attack the lawfulness and/or execution of his sentence is under 28 U.S.C. § 2254. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) ("[Section] 2254 allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences. And indeed, there exists some question whether state prisoners may *ever* proceed under § 2241."). Here, the proper course is to allow petitioner "to proceed under § 2241, but subject [the petition] to the restrictions imposed by § 2254." *Id.*

*rel. Smith v. Schweitzer*, 103 N.E.3d 816 (Ohio 2018):

> {¶ 2} In 1977, Smith was convicted of kidnapping and was sentenced to 5 to 15 years in prison. On August 3, 1981, he was released on parole. While under supervision, he committed a new felony. Between December 2, 1981, and May 7, 1991, he was a parole violator at large. On October 17, 1994, Smith pleaded guilty to one count of robbery. The common pleas court judge sentenced him to 6 to 15 years' imprisonment. The sentencing entry did not indicate whether this term was to be served concurrently with or consecutively to the time remaining on his kidnapping sentence.
>
> {¶ 3} Smith received parole a second time in 2005 and escaped detention. He remained at large for the next six years, until he was returned to confinement in September 2012.
>
> {¶ 4} On May 22, 2017, Smith filed a petition for a writ of habeas corpus against [Warden] Schweitzer, alleging that Smith had now served more than 15 years on his robbery sentence and was therefore entitled to immediate release. Smith asserted that he had also completed his sentence on the original kidnapping charge because, he said, the two sentences had run concurrently, and the Department of Rehabilitation and Correction has no authority to alter a prison sentence.
>
> {¶ 5} On August 29, 2017, the Twelfth District Court of Appeals granted Schweitzer's motion to dismiss, concluding that Smith was not entitled to immediate release because his sentences ran consecutively by operation of law. Smith appealed.

*Id.* at 816-17.[2]

Petitioner raised the following four issues in the Ohio Supreme Court:

1. The ODRC [Ohio Department of Rehabilitation and Correction] [d]oes not have the authority to change or alter in any way a clear and unambiguous statement contained in a court judgment. The duty of the ODRC is to carry out the judgment of the court—and nothing more.

---

[2]Under 28 U.S.C. § 2254(e)(1), the state courts' factual findings are presumed correct unless the petitioner rebuts the presumption by "clear and convincing evidence." *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Petitioner has not presented clear and convincing evidence rebutting the Ohio Supreme Court's factual findings and thus those findings are presumed correct. Moreover, petitioner's attempts through argument to undermine the Ohio Supreme Court's factual findings are unavailing. (*See infra* n.7).

2

2. The ODRC denied the appellant the right to Due Process by aggregating the appellant['s] sentence to 11 to 30 years in blatant disregard of the Ohio [C]onstitution, and the 5th and 14th amendments to the U.S. Constitution, and the Ohio revised code. Only the courts have the right or the authority to correct an original sentence and even then it must be done through the appellate process.

3. The sentence that was given to the appellant [by the courts], has been satisfied and completed and should be considered void.

4. The ODRC [d]id not follow the guidelines set forth under the Ohio [C]onstitution and the Ohio [R]evised [C]ode.

(Doc. 6, Ex. 10, at pp. 74-78). On June 28, 2018, the Ohio Supreme Court affirmed the state appellate court's dismissal of petitioner's state petition for a writ of habeas corpus. *See State ex rel. Smith*, 103 N.E.3d at 817. Petitioner did not seek a writ of certiorari in the United States Supreme Court.[3]

**Federal Habeas Corpus**

On July 25, 2018, petitioner commenced the instant federal habeas corpus action.[4]

Petitioner raises the following five grounds for relief:

**GROUND ONE**: The ODRC does not have the authority to change or alter in any way a clear and unambiguous statement contained in a court judgment. The duty of the ODRC is to carry out the judgment of the court and nothing more.

**GROUND TWO**: The ODRC denied the appellant the right to due process by aggregating the appellant's sentence and changing his sentence to 11 to 30 years in

---

[3]"A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing Sup. Ct. R. 13). A review of the docket in *State ex rel. Smith*, No. 2017-1331 (Ohio Sup. Ct), shows that more than ninety days have passed since the Ohio Supreme Court's decision and petitioner has not filed a petition for a writ of certiorari in the United States Supreme Court. Ohio Supreme Court dockets can be viewed at: http://www.supremecourt.ohio.gov.

[4]Under *Houston v. Lack*, 487 U.S. 266 (1988), and the "mailbox-rule," the filing date of a federal habeas-corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to the prison authorities for mailing. Here, the petition does not indicate the date it was placed in the mail. However, the petition indicates that it was scanned and emailed to the Court on July 25, 2018. (Doc. 5, at p. 1). Respondent, without objection from petitioner, has used this date as the commencement date for the action. The undersigned does as well.

3

blatant disregard of the Ohio [C]onstitution, and the 5th and 14th amendments to the U.S. Constitution, and the Ohio [R]evised [C]ode. Only the courts have the right or authority to correct an original sentence and even then it must be done through the appellate process.

**GROUND THREE**: The sentence that was given to the appellant [by the courts], has been satisfied and complete[d] and should now be considered void.

**GROUND FOUR**: The ODRC did not follow the guidelines set forth under the Ohio [C]onstitution and the Ohio Revised Code.[5]

**GROUND FIVE:** The appellee [sic] is being held as a parole violator for a 5 to 15 year sentence that is 42 years old and he has not been afforded to have a[n] On Site Hearing or a Revocation Hearing in accordance with *Morrissey v. Brewer* 408 U.S. 471.

(Doc. 5, at pp. 8-14).

Respondent has filed a motion to dismiss, asserting that petitioner's claims are either barred by the statute of limitations or noncognizable on federal habeas review. (Doc. 7). Petitioner opposes the motion. (Doc. 8). For the reasons below, the motion to dismiss should be **GRANTED** but in part for reasons other than those stated by respondent.

## II. THE PETITION SHOULD BE DISMISSED.

The applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or

---

[5]Notably, page 13 of the petition, which contains Ground Four, is missing from the petition submitted to the Court. Petitioner, however, clarified his fourth ground for relief in his response to respondent's motion to dismiss. (Doc. 8, at p. 3).

4

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

5

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume, subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final." *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte*, 654 F.3d at 600 (citing *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision"). In *Greene*, 565 U.S. at 38, the Court explained:

[W]e held last term in *Cullen v. Pinholster*, 563 U.S. _, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." *Id.*, at _, 131 S.Ct. at 1398. The reasoning of *Cullen* determines the result here. As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'" Id.*, at _, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court." *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)). The writ may issue only if the application of clearly-established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

## A. Ground One Should Be Dismissed.

In Ground One, petitioner asserts that the ODRC impermissibly aggregated the sentences he received in 1977 and 1994. (Doc. 5, at p. 9). Respondent asserts that Ground One stems from petitioner's 1994 and 2012 parole revocations and is barred by AEDPA's one-year statute of limitations, *see* 28 U.S.C. § 2244(d), because petitioner should have known about and challenged the calculation of his sentence long before now. (Doc. 7, at p. 6). Alternatively, respondent asserts that Ground One raises a state-law issue and is not cognizable on federal habeas review. (Doc. 7, at pp. 8-9).[6]

---

[6]Federal courts may issue a writ of habeas corpus only to remedy violations of federal law; "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

7

Petitioner's submissions to the state courts indicate that he took some action regarding his sentence prior to the underlying state habeas corpus action. (*See* Doc. 6, Ex. 5, at p. 12; Doc. 6, Ex. 10, at p. 72; Doc. 6, Ex. 12, at p. 121). Because it is not clear from the record before the Court whether and to what extent petitioner might be entitled to any tolling of the limitations period, the Court proceeds to the merits of Ground One without deciding the timeliness issue. *See Smith v. State of Ohio Dept. of Rehabilitation*, 463 F.3d 426, 429 n.2 (6th Cir. 2006) (finding that because the statute of limitations is not a jurisdictional bar to review a court may proceed to the merits of a petition in the interests of justice) (citing *Trussell v. Bowersox*, 447 F.3d 588, 590 (8th Cir. 2006)).

Although respondent is correct that the Sixth Circuit has held that "it is a matter of substantive state law" whether sentences "should run concurrently or consecutively," *Harrison v. Parke*, No. 89-6495, 1990 WL 170428, at *2 (6th Cir. Nov. 6, 1990), the Court understands petitioner to be asserting in Ground One that the ODRC administratively altered his sentence. In *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 465 (1936), the United States Supreme Court held that the Due Process Clause prohibits a state from administratively increasing a prisoner's sentence. *See Hayden v. Mohr*, No. 16-4051, 2017 WL 4216588, at *2 (6th Cir. May 4, 2017) (explaining that "[c]ourts have construed *Wampler* as holding that increasing a prisoner's sentence administratively, rather than through a judicial proceeding, is a due process violation.").

There is no due process violation here. Petitioner pleaded guilty to a new felony (robbery) in 1994 while he was under parole supervision on his kidnapping conviction. *See State*

8

*ex rel. Smith*, 103 N.E.3d at 816-17.[7] At the time of his 1994 robbery conviction, Ohio law mandated that petitioner's 1977 sentence for kidnapping and his 1994 sentence for robbery be served consecutively. *See id.* at 817 (citing former Ohio Rev. Code § 2929.41(B)). Because Ohio law mandated that the sentences be served consecutively, the trial court was not required to state in the 1994 judgment of conviction that it was imposing a consecutive sentence. *See Hayden*, 2017 WL 4216588, at *2. Accordingly, the ODRC did not administratively increase petitioner's sentence but merely calculated his release date based on the sentences imposed by the trial courts in petitioner's two cases. *See id.*

Ground One does not warrant habeas corpus relief.

---

[7]Petitioner contends that there is no evidence in the record establishing that he was on parole at the time of his 1994 robbery conviction. (*See* Doc. 8, at p. 5). However, as indicated in n.2 *supra*, this federal court presumes the factual finding of the Ohio Supreme Court that petitioner was on parole when he reoffended is correct. Petitioner has failed to present clear and convincing evidence to the contrary. The state-court record contains evidence supporting the determination that petitioner was on parole at the time of his 1994 robbery conviction. (*See, e.g.*, June 16, 2017 sentence computation (Doc. 6, Ex. 6, at p. 32); March 6, 1996 inter-office communication calculating "lost-time" attributable to petitioner (Doc. 6, Ex. 6, at p. 40); August 29, 2012 Adult Parole Authority Special Minutes determining petitioner's new maximum sentence expiration date to be March 4, 2023 (Doc. 6, Ex. 6, at p. 41); *see also* computerized criminal history record setting forth petitioner's parole history (Doc. 6, Ex. 10, at p. 92)). To the extent that petitioner argues that he would have received a parole revocation hearing under *Morrissey* had he in fact been on parole in 1994 (*see* Doc. 5, at p. 11), whether petitioner received a parole revocation hearing is not dispositive of whether or not he was on parole. *See Byrd v. Brigano*, 633 N.E.2d 604, 606 (Ohio App. 1993) ("Ohio law specifically states that a parolee remains in the legal custody of the [ODRC] until a final release is granted."). Additionally, as noted by the Court in addressing Ground Five of the petition, petitioner did not raise a substantive *Morrissey* claim in the Ohio Supreme Court. Because petitioner has not demonstrated cause for failing to do so or otherwise shown that failure to consider such a claim would result in a fundamental miscarriage of justice, the claim is procedurally defaulted. To the extent petitioner asserts that the ODRC waived any parole violations he committed prior to 1994 and thus impermissibly counted these violations as "lost time" in violation of his right to due process (*see* Doc. 5, pp. 11, 14-15), his assertion is likewise unpersuasive. "[W]here a paroled convict violates his parole, there is no affirmative duty upon the state to place detainers on him or pursue him so as to return him to custody, and the state by its inaction creates neither an estoppel nor a waiver of its right to exact the penalty imposed under the conviction when it once again takes him into custody." *Palmer v. Ghee*, 690 N.E.2d 73, 76 (Ohio App. 1997) (quoting *Cline v. Haskins*, 196 N.E.2d 440, 441 (Ohio 1964)). While a state's delay in taking a parole violator into custody may violate due process, *id.*, "a violator who has succeeded in evading the authorities is in no position to complain of a delay." *Id.* (quoting *Hamilton v. Keiter*, 241 N.E.2d 396, 299 (Ohio Com. Pl. 1968)). During the time in which petitioner asserts that he should have been taken into custody by the ODRC, he was by his own admission serving prison time in the state of Texas. (*See* Doc. 5, at p. 14). Petitioner has not demonstrated a violation of his right to due process.

**B. Ground Two Should Be Dismissed.**

Ground Two of the petition effectively reasserts the claims raised in Ground One. As with Ground One, respondent asserts that Ground Two is barred by the statute of limitations or, alternatively, noncognizable. (Doc. 7, at pp. 6, 8-9). For the reasons stated above, the Court will resolve Ground Two on its merits. *See Smith*, 463 F.3d at 429 n.2. Ground Two lacks merit for the same reasons that Ground One lacks merit.

Ground Two does not warrant habeas corpus relief.

**C. Ground Three Should Be Dismissed.**

In Ground Three, petitioner asserts that he has fully satisfied his sentence and is entitled to release. Respondent asserts that Ground Three is based solely on an alleged violation of state law and is noncognizable. (*See* Doc. 7, at pp. 89). The undersigned agrees.

"Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation." *Powers v. Warden*, No. 2:13-cv-1179, 2015 WL 46136, at *4 (S.D. Ohio Jan. 2, 2015) (Graham, J.) (quoting *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003)). "However, a state court's interpretation, or misinterpretation, of its own sentencing laws and guidelines constitutes a matter of state concern only." *Id.* Furthermore, the imposition of consecutive terms of incarceration does not violate clearly established federal law or make the state-court proceedings fundamentally unfair. *Id.*

Petitioner's contention that he has completed his sentence is based on his previous assertion that the ODRC impermissibly determined that his 1977 and 1994 sentences ran consecutively. The Ohio Supreme Court rejected this contention, finding that petitioner's sentences ran consecutively by operation of law. *State ex rel. Smith*, 103 N.E.3d at 817.

Considering the time that petitioner spent as a parole violator at large, the Ohio Court of Appeals determined that his maximum sentence now expires on March 4, 2023. *State ex rel. Smith v. Schweitzer*, No. CA2017-05-074, at p. 2 (Ohio App. Aug. 29, 2017) (Doc. 6, Ex. 8, at p. 58). The record thus fails to reflect that petitioner is being held beyond the maximum expiration date of his sentence.

Ground Three does not warrant habeas corpus relief.

**D. Ground Four Should Be Dismissed**.

Although Ground Four is missing from the petition filed in this Court (*see supra* n. 5), the undersigned understands it to raise the same claims as presented in "Proposition of Law No. Four" in petitioner's brief to the Ohio Supreme Court, namely whether the ODRC impermissibly increased petitioner's sentence. (*See* Doc. 6, Ex. 10, at p. 78). This issue has already been addressed in Grounds One and Two and lacks merit for the same reasons that Grounds One and Two lack merit.

Ground Four does not warrant habeas corpus relief.

**E. Ground Five Should Be Dismissed.**

In Ground Five, petitioner states that he "is being held as a parole violator for a 5 to 15 year sentence that is 42 years old and he has not been afforded [a hearing under *Morrissey v. Brewer*, 408 U.S. 471 (1972).]" Respondent argues that Ground Five is barred by the statute of limitations. (*See* Doc. 7, at p. 6). Although this Court does not reach the timeliness issue, *see Smith*, 463 F.3d at 429 n.2, the undersigned finds that Ground Five is in part duplicative of Ground Three and fails for the same reasons, and in part procedurally

11

defaulted because petitioner did not raise it as a substantive claim in the Ohio Supreme Court.

First, to the extent that petitioner asserts in Ground Five that he is being held beyond the maximum expiration date of his sentence, such a claim has previously been addressed in Ground Three and lacks merit for the same reasons that Ground Three lacks merit.

Next, to the extent that petitioner attempts to assert a constitutional violation by alleging that he was denied a *Morrissey* hearing upon the revocation of his parole in 1994, petitioner did not raise this issue as a substantive claim before the Ohio Supreme Court. (*See* Doc. 6, Ex. 10).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v.*

*Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). *See, e.g., Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998) (finding that the doctrine of *res judicata* applies to constitutional claims that could have been raised on direct appeal) (citing *State v. Combs,* 652 N.E.2d 205, 209 (Ohio App. 1994)).[8]

Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady,* 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir. 1996).

Petitioner did not raise the *Morrissey* issue as a substantive claim to the Ohio Supreme Court. Petitioner's opening brief merely mentioned his alleged failure to receive a *Morrissey* hearing to bolster his argument that the ODRC impermissibly concluded that his 1977 sentence for kidnapping and his 1994 sentence for robbery were to be served consecutively. (*See* Doc. 6, Ex. 10, at pp. 76, 79). As such, Ground Five, to the extent that it seeks to raise a substantive *Morrissey* claim, is procedurally defaulted. *See, e.g., Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998) (finding that the doctrine of *res judicata* applies to constitutional claims that could have been raised in a direct appeal) (citing *State v. Combs,* 652 N.E.2d 205, 209 (Ohio App. 1994)). Further, petitioner has failed to assert any cause for the procedural default of this claim

---

[8]This Court may in its discretion raise the issue of procedural default *sua sponte* as long as the petitioner is afforded an opportunity to present arguments on the issue. *Davis v. Warden,* No. 1:13cv198, 2014 WL 116666 (S.D. Ohio Jan. 10, 2014) (Litkovitz, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted,* 2014 WL 1302615 (S.D. Ohio. Mar. 31, 2014) (Barrett, J.). Here, petitioner has the opportunity to be heard on the matter by way of objection to the instant Order and Report and Recommendation.

or otherwise shown that failure to consider it would result in a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977).

Moreover, courts have generally recognized that the remedy for an alleged *Morrissey* violation is a new hearing, not immediate release from confinement. *See, e.g., Dolfi v. Bogan*, No. 93-1159, 1993 WL 213683, at *2 (6th Cir. June 17, 1993) (absent showing of severe prejudice, parolee's remedy is limited to compelling the parole commission to conduct a hearing) (citing cases).

Ground Five does not warrant habeas corpus relief.

Accordingly, in sum, the undersigned **RECOMMENDS** that the motion to dismiss (Doc. 7) should be **GRANTED**, although in part for different reasons than stated by respondent, and the petition for a writ of habeas corpus (Doc. 5) should be **DISMISSED** with prejudice. In light of the above recommendation, petitioner's motions to comply (Doc. 10) and for judgment on the pleadings (Doc. 11) are **DENIED as moot.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the petition. To the extent that petitioner has raised claims which this Court has concluded are procedurally defaulted, a certificate of appealability should not issue because, under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason"

would not find it debatable whether the Court is correct in its procedural ruling.[9] In addition, to the extent that petitioner has raised claims that have been considered on the merits herein, a certificate of appealability should not issue because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

In light of the above recommendation, petitioner's motions to comply (Doc. 10) and for judgment on the pleadings (Doc. 11) are **DENIED as moot.**

Date: 7/29/19

Karen L. Litkovitz
United States Magistrate Judge

---

[9]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

HERBERT A. SMITH,
Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:18-cv-514

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).