# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| HERBERT SMITH, | : | Case No. 1:18-cv-514 |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| THOMAS SCHWEITZER, Warden, | : | |
| Lebanon Correctional Institution, | : | |
| Respondent. | : | |

# DECISION AND ENTRY
# ADOPTING THE REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 12)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court, and on July 30, 2019, submitted a Report and Recommendation.  (Doc. 12).  On August 8, 2019, Petitioner Herbert Smith filed objections.  (Doc. 14).

Petitioner's objections concern the first, second, third, and fourth grounds for relief raised in his habeas petition.  After reviewing the Report and Recommendation, Petitioner's objections, and the case record, the Court finds that Petitioner's objections are not well-taken.

Petitioners first and second grounds for habeas relief relate to his assertion that the Ohio Department of Rehabilitation and Correction ("ODRC") improperly administratively increased his sentence.  (Doc. 1-1 at 9-13).  The Magistrate Judge

accurately stated that courts have found increasing a prisoner's sentence administratively, rather than through a judicial proceeding, constitutes a due process violation. (Doc. 12 at 8) (citing *Hayden v. Mohr*, No. 16-4051, 2017 WL 4216588, at *2 (6th Cir. May 4, 2017)). Pursuant to the state court record, the Magistrate Judge found that at Petitioner's 1994 sentencing for his robbery conviction, the court determined that his robbery sentence and prior 1977 kidnapping sentence should be served consecutively. (*Id.* at 8-9, 9 n.7). Thus, the Magistrate Judge concluded that Petitioner's sentence was not administratively increased.

Petitioner's objection to the Magistrate Judge's finding as to his first and second grounds for relief is primarily an issue of semantics. Petitioner states that the Magistrate Judge discussed whether the state court improperly "aggregated" his sentences and did not address the specific issue he raised regarding ODRC's alleged administrative increase of his sentence. (Doc. 14 at 4). However, this objection is meritless. As noted above, the Magistrate Judge identified this issue, discussing that it is a due process violation for ODRC to administratively increase a prison sentence. The Magistrate Judge went on to properly find that no administrative increase occurred here based on the state-court record. Accordingly, Petitioner's objection is overruled.

Petitioner also takes issue with the Magistrate Judge's finding that the state court was not required to specifically state that his two sentences were to run consecutively. (*Id.* at 11). However, the Magistrate Judge correctly held that because Ohio law at the time mandated that petitioner's 1977 kidnapping sentence and 1994 robbery sentence run consecutively, the state court was not obligated to expressly state that it was imposing a

consecutive sentence. (Doc. 12 at 9) (citing *Hayden*, 2017 WL 4216588, at *2). Thus, this objection also lacks merit.

With respect to Petitioner's third ground for relief—that his sentence has been satisfied—the Magistrate Judge first held that this issue is purely a matter of state law, and thus does not involve a cognizable issue for federal habeas review. (Doc. 12 at 10). The Judge further held Petitioner failed to demonstrate he is being held beyond his maximum sentence expiration date. (*Id.* at 10-11).

Petitioner's objection here is that the Magistrate Judge failed to address his concern that his sentence has been fulfilled, instead discussing the state court's decision to run his sentences consecutively. (Doc. 14 at 7-8). However, the Court agrees with the Magistrate Judge's reasoning that based on the state-court record, and considering the consecutive sentences imposed, Petitioner is not being held beyond his maximum release date. Thus, Petitioner is not entitled to habeas relief on this ground.

Finally, as to Petitioner's fourth ground for relief, the Magistrate Judge found Petitioner's argument to be missing from his submitted memorandum. (Doc. 12 at 11). Petitioner asserts in his objections that his arguments were included at pages thirteen and fourteen of his habeas petition, but the pages do not appear in the petition filed of record. (Doc. 1; Doc. 14 at 8). Nevertheless, the Magistrate Judge correctly guessed that Petitioner intended to raise as his fourth ground for habeas relief, the "Proposition of Law No. Four." that Petitioner previously asserted in his brief to the Supreme Court of Ohio. (*See* Doc. 6 at 78; Doc. 12 at 11). Further, the Magistrate Judge properly found that the issues Petitioner intended to raise as his fourth ground for relief are duplicative of

Petitioner's earlier claims that the ODRC improperly increased his prison sentence. (Doc. 14 at 10-11). Accordingly, this objection is also meritless.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation (Doc. 12) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) Respondent's Motion to Dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **GRANTED**;

2) Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) is **DISMISSED with prejudice**;

3) A certificate of appealability shall not issue because Petitioner has not stated a viable claim of the denial of a constitutional right, nor are the issues presented adequate to deserve encouragement to proceed further;

4) An appeal of this Order would not be taken in good faith, and accordingly Petitioner is denied leave to appeal *in forma pauperis*; and

5) The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 8/23/19

Timothy S. Black
United States District Judge